UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION



FILED
AUG 1 0 1999
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
AUG 1 0 1999

MORRIS J. MINK, et al., ]
]
   Plaintiff(s), ]
]
vs. ] CV 98-N-1806-E
]
FORD CONSUMER FINANCE, et al., ]
]
   Defendant(s). ]

**Order**

The court has for consideration the defendants' motions for summary judgment, filed June 10, 1999 and June 15, 1999,[1] the plaintiffs' motion to continue and allow putative class members to intervene, filed July 6, 1999, and the plaintiffs' motion for class certification, filed April 12, 1999.

The defendants have moved for summary judgment on the plaintiffs' claims brought under RESPA. The defendants point out that RESPA was not applicable to the plaintiffs' home loan refinancing transaction at the time it took place, as the undisputed facts indicate that the Minks refinanced their home in 1991, while RESPA was not made applicable to refinancing loans until 1992. The Minks essentially concede that they have no viable RESPA claim, *see Plaintiffs' Response to Defendants' Initial Submission*, at 11, and this court agrees. The defendants' motions for summary judgment on the Minks' individual RESPA claims are therefore hereby **GRANTED** and these claims are hereby **DISMISSED WITH PREJUDICE**.

---

[1] Defendant Associates Home equity Services, Inc. filed its summary judgment motion on June 10. Defendants Southern Funding of Alabama, Inc. and Donald Guin filed a joint summary judgment motion on June 15. For present purposes the court will address these motions together and will consider only those portions of the motions directed towards the Minks' claims under the Real Estate Settlement Procedures Act ("RESPA").



Plaintiffs contend that, despite the failure of the named plaintiffs' RESPA claims, the RESPA claims those plaintiffs have advanced on behalf of a class are still viable. By way of their motion to continue, plaintiffs ask this court to retain jurisdiction over these class RESPA claims while plaintiffs' counsel search for a suitable individual to represent the class. In support of this motion, plaintiffs cite a number of cases in which courts have done the same in similar circumstances. *See, e.g. Lynch v. Baxley*, 651 F.2d 387 (5th Cir. Unit B 1981). The court sees a critical distinction between those cases and this one. The cited decisions all assume, either expressly or impliedly, that a court has jurisdiction to hold open the claims of the class while a new class representative is sought. However, Article III of the United States Constitution bars federal court jurisdiction over a claim unless a live controversy exists between the parties with respect to that claim, and in the class action context this generally means that the named plaintiff must have a live controversy regarding the claim. *See Sosna v. Iowa*, 419 U.S. 393, 402-03 (1975). Courts have seen fit to hold open a class despite the failure of the named representative's claim only because of an exception to this general rule. *Sosna* recognized that a certified class "acquire[s] a legal status separate from the interest asserted by the [named plaintiff]." *Id.* at 399. In the wake of *Sosna*, further decisions have extended this principle to allow for jurisdiction where class certification was improperly denied and the named plaintiff's claim failed thereafter, *see United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), and have even suggested that in limited circumstances jurisdiction might be proper where the named plaintiff had a colorable claim at the outset of the litigation but the claim became moot before class certification could be addressed. *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *see also Sosna*, 419 U.S. at 402 n.11. It is these principles, or some variant of them, upon which courts have based their authority to retain jurisdiction of an unrepresented class.

In this case, however, it is clear that the named plaintiffs' RESPA claims were improper from the outset of the litigation. This is not a case in which a class representative with a proper claim filed a class action, sought certification, and then lost that claim due to changed circumstances. The Minks *never* had a colorable RESPA claim, and so were *never* proper class representatives. No court has ever gone so far as to suggest that a federal court can obtain jurisdiction over a class action filed by an individual with no valid class claim. Such a rule would "do away with the standing requirement of Art. III" by negating the core principle that "parties may not 'represent a class of whom they are not a part.'" *Kremens v. Bartley*, 431 U.S. 119, 131 n.12 (1977) (quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962)). Binding authority in this circuit makes it clear that a plaintiff who has no claim at the outset of the litigation has no standing to seek class certification, and the presence before the court of such a plaintiff cannot create jurisdiction over the class.[2] *Tucker v. Phyfer*, 819 F.2d 1030 (11th Cir. 1987); *see also Walker v. Haynes*, 659 F.2d 46 (5th Cir. Unit A Oct. 14, 1981). The court therefore hereby **DENIES** the plaintiffs' motion for class certification. The plaintiffs' RESPA class claims are hereby **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

The court, having dismissed all federal claims currently pending in this lawsuit, declines to continue to exercise supplemental jurisdiction over the Minks' pending individual state law claims. *See* 28 U.S.C. § 1367(c)(3). In this regard, the court notes that most of the proceedings before this court have revolved around the Minks' federal and class claims, which have now been dismissed.

---

[2] As pointed out in *Tucker*, even under these circumstances a court could allow intervention of a new named representative if a proper candidate came forward. *See id.* at 1036. Doing so would in essence allow the intervening plaintiff "to prosecute claims . . . not then present in the case." *Id.* Such a decision, while permissible, would be discretionary with the court. *Id.*; *see Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) ("where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted."). However, the court need not determine whether it would allow a proper plaintiff to intervene, as no plaintiff has as yet come forward seeking to do so.

The federal claims on which jurisdiction was based were in fact never properly before this court, as the named plaintiffs had no colorable RESPA claims and the class they sought to represent could not exist on its own. Indeed at the time of removal the RESPA claims "were not . . . present" in the case in a constitutional sense. *See Tucker*, 819 F.2d at 1036. Under these circumstances the court has serious doubts about the propriety of continuing to exercise federal jurisdiction over this matter, and concludes that the most appropriate course of action is to return this action to the jurisdiction of the state courts. This action is therefore hereby **REMANDED** to the Circuit Court of Calhoun County, Alabama, whence it was improvidently removed. The court will leave any motions still pending for resolution by the state courts, which are best equipped to resolve these issues of state law.

Done, this 10th day of August, 1999.

_____
Edwin Nelson
United States District Judge